**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Trusted Herd, Inc.

                                            Plaintiff,

v.                                          Case No.: 1:26–cv–02267

                                            Honorable Franklin U.
                                            Valderrama

The Entities Identified in Schedule "A", et
al.

                                            Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, April 17, 2026:

      MINUTE entry before the Honorable Franklin U. Valderrama: Before the Court is Plaintiff's motion for service by publication via electronic mail [58]. Plaintiff indicates that Defendant Artym has only provided a PO box as his physical address, and although Plaintiff uncovered an address associated with Defendant Artym through "expedited third–party discovery from domain registrars," its process servers have been unable to locate him at this address. [59] at 2. Meanwhile, Defendant Artym has appeared in this case, moved this Court for various relief, and has been in frequent communication with Plaintiff through his email address. Defendant Artym is located in Canada. Under FED. R. CIV. P. 4(f), a person may be served in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," or "by other means not prohibited by international agreement, as the court orders." Plaintiff points out that the Hague Service Convention provides that the "Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, Arts. 2–7, 20 U.S.T. 361. "Before courts will accept that a defendant's address is 'not known,' the plaintiff must make reasonably diligent efforts to ascertain and verify defendant's mailing address." NBA Props., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A", 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), aff'd sub nom. NBA Props., Inc. v. HANWJH, 46 F.4th 614 (7th Cir. 2022). The Court finds that Plaintiff has made reasonably diligent efforts to ascertain and verify Defendant Artym's address, and thus, it can be considered unknown. "Service by email is not specifically provided for in the Convention, but neither is it forbidden." Id. at 797. Further, "there 'is no indication of a hierarchy in the text or structure of Rule 4(f).'... So long as the proposed method of service is 'not prohibited by international agreement[,]' Rule 4(f)(3) does not require a party to attempt service under the Convention before seeking a court order directing alternative service." Id. at 796. Service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). As Plaintiff points out, service by email is reasonably calculated to give Defendant Artym notice here

because he has actively been communicating with Plaintiff about this case via email, and appeared in this case pro se with this email, and has since been actively participating [19]. Accordingly, for the reasons stated in the motion, the Court grants Plaintiff's motion for electronic service of process pursuant to FED. R. CIV. P. 4(f)(3). Mailed notice. (jcm)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.