

BC

FILED
4/16/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRUSTED HERD, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>VLAD ARTYM, AN INDIVIDUAL, LOUDTRONIX INC., A CANADIAN CORPORATION, AND CRYOUS NETWORKS, AN UNINCORPORATED ENTITY,<br><br>    Defendants. | Case No. 26-cv-2267<br><br>Judge Franklin U. Valderrama<br><br>Magistrate Judge Beth W. Jantz |

### DEFENDANT VLAD ARTYM'S MOTION TO RECONSIDER ORDER DENYING RENEWED MOTION TO COMPEL ARBITRATION [ECF No. 63]

Defendant Vladislav Artym, proceeding pro se, respectfully moves this Court to reconsider its April 14, 2026 Order [ECF No. 63] denying Defendant's Renewed Motion to Compel Arbitration, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and the Court's inherent authority to revise interlocutory orders. See Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Defendant does not ask the Court to reweigh arguments already considered. Defendant respectfully submits that the Order resolves a scope question — whether Plaintiff's claims arise from a purchase — without addressing the delegation clause in the Terms of Use, which assigns that question exclusively to the arbitrator. The delegation clause was briefed in two prior filings but does not appear in the Order. This motion asks the Court to address it.

## I. THE DELEGATION CLAUSE WAS BRIEFED BUT NOT ADDRESSED

The Terms of Use contain a delegation clause in the "Dispute Resolution and Binding Arbitration" section. It provides:

> "The arbitrator will have exclusive authority to resolve any dispute relating to arbitrability and/or enforceability of this arbitration provision, including any unconscionability challenge or any other challenge that the arbitration provision or the agreement is void, voidable or otherwise invalid."

(ECF No. 11-1, at 12.) This clause assigns questions about the arbitration provision's scope, enforceability, and applicability to the arbitrator — not the Court.

Defendant raised this clause in two prior filings. In the Renewed Motion (ECF No. 48), Section C is titled "The Delegation Clause Requires Referral of Remaining Disputes to the Arbitrator" and cites Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010), and Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524 (2019). In the Reply (ECF No. 54), Section II.A applies Schein's holding that a court "possesses no power to decide the arbitrability issue" when the parties have delegated that question to an arbitrator, "even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless." 139 S. Ct. at 529.

The April 14 Order does not mention the delegation clause. It does not cite Schein or Rent-A-Center. The Order's analysis begins and ends with scope: "Plaintiff's claims do not 'arise out of' a dispute over a purchase." (ECF No. 63, at 3.) The threshold question — whether scope is for this Court or for the arbitrator — is not addressed.

A motion to reconsider "performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee, 906 F.2d at 1191 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99

F.R.D. 99, 101 (E.D. Va. 1983)). Defendant submits that the Order's silence on the delegation clause is such an error of apprehension.

The Order also relies on the "Monitoring and Enforcement; Termination" section of the Terms of Use as an alternative provision potentially covering this dispute. (Order at 3.) That section contains five enumerated items and a trailing paragraph. The first three items expressly address user-posted content: the right to remove or refuse to post "User Contributions" (item 1); to take action on any "User Contribution" that violates the Terms (item 2); and to disclose user identity when "material posted by you" violates third-party rights (item 3). The fifth item is a standard account-termination right. The trailing paragraph likewise addresses law enforcement cooperation to identify "anyone posting any materials on or through the Platform." (ECF No. 11-1, at 3-4.)

The fourth item — the sole provision not tied to user-posted content — authorizes Trusted Herd to "[t]ake appropriate legal action . . . for any illegal or unauthorized use of the Platform." (Id.) That appears to be the language the Order relies on. But read in context — one sub-item in a content-moderation provision, bookended by user-contribution references — it is a platform-enforcement right, not a dispute-resolution forum. Whether it reaches claims unrelated to user-posted content is itself a scope question — and, under the delegation clause and Schein, a question for the arbitrator.

Equitable estoppel provides an additional ground for compelling arbitration that the April 14 Order did not address. Plaintiff sues on the Terms of Use (Count IV) and pleads them as "a valid, binding, and enforceable contract" (Am. Compl. ¶ 65). A party that sues on a contract "cannot have it both ways" — it "cannot rely on the contract when it works to its advantage, and

repudiate it when it works to [its] disadvantage." Hughes Masonry Co. v. Greater Clark Cnty. Sch. Bldg. Corp., 659 F.2d 836, 839 (7th Cir. 1981).

## II. UNDER SCHEIN AND RENT-A-CENTER, SCOPE IS FOR THE ARBITRATOR

**A. The Delegation Clause Is a Separate Agreement That Must Be Independently Enforced.**

Under the Federal Arbitration Act, a delegation clause is "an agreement to arbitrate threshold issues concerning the arbitration agreement" — including "'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." Rent-A-Center, 561 U.S. at 68-69. It is severable from the broader arbitration clause. The Court treats it as its own mini-contract: "Section 2 operates on the specific 'written provision' to 'settle by arbitration a controversy' that the party seeks to enforce. Accordingly, unless Jackson challenged the delegation provision specifically, we must treat it as valid under §2, and must enforce it under §§3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." Id. at 72.

Plaintiff's Opposition (ECF No. 57) does not challenge the delegation clause specifically. Plaintiff's two arguments — that the arbitration clause is "unformed" because Defendant made no purchase (Opp'n at 3-5), and that the "Monitoring and Enforcement" section carves claims out of arbitration (Opp'n at 5-6) — target the arbitration clause as a whole. Neither argument mentions the delegation clause. The word "delegation" does not appear in the Opposition. Under Rent-A-Center, a challenge to the arbitration clause broadly, rather than to the delegation provision specifically, "does not prevent a court from enforcing" the delegation provision. 561 U.S. at 70.

**B. With Formation Resolved, Schein Controls.**

This Court's April 6 Order correctly held that formation must be decided by the Court before the delegation clause becomes operative. See K.F.C. v. Snap Inc., 29 F.4th 835, 837 (7th Cir. 2022) ("[E]ven the most sweeping delegation cannot send the contract-formation issue to the arbitrator, because, until the court rules that a contract exists, there is simply no agreement to arbitrate."). That was the right result when assent was disputed.

But formation is no longer disputed. Defendant's declaration (ECF No. 48, Artym Decl. ¶¶ 3-4, 6) acknowledges that he created an account and checked the mandatory Terms of Use checkbox. Plaintiff conceded the point: "the parties have agreed Artym is bound to the general Terms of Service." (Opp'n at 3.) The K.F.C. obstacle is removed.

Formation of the Terms of Use necessarily includes formation of the arbitration provision within them. The "purchase" language in that provision defines the scope of disputes it covers, not a precondition to its formation. Whether particular claims fall within that scope is arbitrability — and under Rent-A-Center, 561 U.S. at 68-69, arbitrability is for the arbitrator.

With formation established, the delegation clause is operative, and Schein controls the next question — scope. The Supreme Court was unanimous:

> "We must interpret the Act as written, and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."

Henry Schein, 139 S. Ct. at 529. The April 14 Order decides scope — whether Plaintiff's claims "arise from or relate to" a purchase. That is precisely the "arbitrability issue" the delegation clause assigns to the arbitrator. Schein holds that the Court "possesses no power" to resolve it.

Schein itself involved a scope limitation materially identical to the purchase language here. The arbitration clause in Schein carved out "actions seeking injunctive relief," and the Fifth Circuit reasoned that because the claims sought such relief, the arbitration clause did not apply — so the delegation clause did not apply either, and the court could decide. The Supreme Court rejected that reasoning. A scope limitation in the arbitration provision does not narrow the delegation clause within it. Whether particular claims fall inside or outside that limitation is itself the arbitrability question the delegation clause assigns to the arbitrator. Id. at 529-30.

The Seventh Circuit applies the same framework. In Janiga v. Questar Capital Corp., 615 F.3d 735 (7th Cir. 2010), the court held that contract formation is for the court, but "unless the parties have committed even that gateway issue to the arbitrators," remaining arbitrability issues are delegated. Id. at 738. Formation is done. Delegation controls.

### III. RELIEF REQUESTED

Defendant respectfully requests that this Court:

**1.** Reconsider the April 14, 2026 Order [ECF No. 63], compel arbitration of all claims pursuant to the AAA Consumer Arbitration Rules seated in Chicago, Illinois, and stay all proceedings pursuant to 9 U.S.C. § 3; or, in the alternative,

**2.** Issue supplemental findings addressing whether the delegation clause in the Terms of Use applies to this dispute and, if not, why. Articulated reasoning on this threshold issue would benefit the parties and any reviewing court and would preserve the Court's scope analysis on a fully developed record.

Nothing in this Motion waives any defenses, objections, or rights, including those previously preserved.

## IV. CONCLUSION

Defendant does not relitigate scope. The delegation clause was briefed in ECF Nos. 48 and 54 and was not addressed in the April 14 Order. Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524 (2019), and Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010), require this Court to either enforce the delegation clause or explain why it does not apply. Defendant respectfully requests that the Court do one or the other.

Dated: April 16, 2026                                  Respectfully submitted,

                                                       **s/ Vladislav Artym**
                                                       _____
                                                       Vladislav Artym, Pro Se
                                                       PO Box 2445
                                                       Richmond Hill PO B, ON L4E 1A5
                                                       Canada
                                                       hello@vladartym.com
                                                       (310) 266-0946

---

## CERTIFICATE OF SERVICE

I, Vladislav Artym, hereby certify that on April 16, 2026, I submitted the foregoing document to the Clerk of Court via the Court's Pro Se Filer electronic submission system for filing. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                       **s/ Vladislav Artym**
                                                       _____
                                                       Vladislav Artym